UUCV1○465RWZ

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff    )  Civil Action No
   v.       )
Ruth I. Abrams, John M. Greaney, Roderick )
L. Ireland, Judith A. Cowin, Defendants )

### COMPLAINT

(1) The court has subject matter jurisdiction over this case pursuant to 28 USC §§ 1331,

1343(a)(3).

(2) Defendants are justices of Supreme Judicial Court for the Commonwealth

(SJCComm). They are sued in their personal capacity. The lawsuit is based on

information and belief, as facts are obscured due to cover-ups.

(3) In late January, 1998, Friedrich Lu petitioned Supreme Judicial Court for Suffolk

County (SJCSC or County Court), which 2 days later denied relief and entered judgment.

Lu appealed to SJCComm. June 14, 2000--all dates thereafter are in the year of 2000--the

court set June 28 to hear oral arguments in Lu's and numerous other appeals, which were

held. Lu was under the impression that out of four justices who heard his argument, one

was Justice *** Lynch, who might also hear other appeals that day. July 13, SJCComm

issued a rescript (a curt explanation without listing justices' names, much like U.S.

Supreme Court's per curiam decisions), affirming the lower court, SJCSC. August 10, Lu

filed a Motion to Vacate Judgment at SJCComm, citing lack of quorum of four justices,

in that Justice Lynch was retired on June 30, two days after oral argument but before

rescript was handed down. September 8, SJCComm, having *sua sponte* treated the

motion as a petition for rehearing, denied such a petition. Before or shortly afterwards,

against criminal code of the Commonwealth, defendants directed changes, in various

dockets, of initials and seniority order of justices hearing those appeals. Later they would

convey orally, through clerk's office, the assertions that Justice Lynch was not hearing

oral arguments on the day in dispute, but that defendants were. Lu asked for such a

statement in writing, and moved additionally for the seating arrangement of each justice

at his oral argument. Defendants ignored the motions. Meanwhile defendants condone the

practice by lower appellate court(s) when the latter also adjudicate without a quorum.

(4) Though one and only one justice from SJCComm will at any given moment rotate

into and staff the County Court, which does not have other jurists, these two courts are

separate and distinct from each other: Each court has its own office space (across the hall

from each other), its own clerk and assistant clerks (with SJCSC clerk elected by Suffolk

County voters, but not by voters state-wide; and SJCComm clerk appointed by that

court). Also, an original action permissible to be filed directly at 'Supreme Judicial

Court'--such as Lu's petition to County Court (which Commonwealth case law calls a

'complaint')--ought to be filed at SJCSC, not at SJCComm. The County Court enters a

judgment at the end of a proceeding, from which an aggrieved petitioner can appeal to

SJCComm. A justice having ruled a petition at SJCSC will not sit at SJCComm to

adjudicate an appeal therefrom. SJCComm can affirm or reverse SJCSC. For all intents

and purposes, compared to SJCComm, SJCSC is considered a lower court.

(5) Frequently SJCSC rules--usually denies--an original action within days (in Lu's

petition, 2 days), before opposing parties' time to reply is up. (It does not shorten the

reply period to hear opposing parties.) Even worse, SJCSC usually does so without

intimating a word of its reasoning. The practice not deprives itself and review court

(SJCComm) of benefits of adversarial system that we are, cf. *Neitzke* v. *Williams* (1989)

490 U.S. 319, 329-330, but also strips petitioners of procedural protections. For instance,

respondents' silence on facts and laws may and will be treated as admission and waiver,

not to be raised again in that court and on appeal. Without any input from respondents as

well as from the County Court, an aggrieved petitioner, unaware of a defect in his case (if

any), invariably appeals, understandably recycling the same argument, which SJCComm

condemns. Confronted with bare appeals record, SJCComm often imagines a ground to

affirm County Court, consults with that court behind the closed door, and/or sends

motions filed during appeal at SJCComm to the County Court (which has entered

judgment) for ruling--each referral creating a new docket number at County Court.

Defendants did it (referral) again while Lu's appeal was pending. Lu protested against

due process violation at SJCComm, which did not retract-- but somehow SJCSC got wind

of the protest and did not rule the referral.

(6) Count One, 42 USC § 1983

Under color of State statute, ordinance, regulation, custom, or usage, defendants deprived

Lu of rights secured by the Due Process Clause of the Fourteenth Amendment to the

United States Constitution.

(7) Relief Sought

(I) In addition to costs and other relief this court deems appropriate, Lu prays for

declaratory judgment:

      (a) that defendants violate Due Process Clause when deciding an appeal without a

quorum;

      (b) that defendants violate Due Process Clause when directing change of official

dockets and registration of false entries; and

(c) that defendants violate Due Process Clause when communicating *ex parte*

with County Court or directing the County Court to rule, or recommend a ruling, on

motions before SJCComm which are filed during appeal.

(II) Lu also prays for damage on allegation that defendants directed false entries in

dockets and related documents, which were ministerial act, not judicial function. Jury

trial is demanded, for this part of prayer only, to determine both liability and damage.


Plaintiff:      Friedrich Lu, pro se
Signed:
Date:          December 4, 2000
Address:       homeless (for the moment for correspondence: c/o St. Francis House, PO
Box 499, Lafayette Station, Boston, MA   02112)